UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON LEE,<br><br>           Plaintiff,<br><br>   v.<br><br>REBELSMARKET, INC.,<br><br>           Defendant. | Case No. 24-cv-06609-NC<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFAULT JUDGMENT; ORDER REQUESTING REASSIGNMENT TO DISTRICT COURT JUDGE**<br><br>Re: ECF 16 |

Plaintiff Jackson Lee filed a complaint against Defendant RebelsMarket, Inc., for infringing upon Lee's copyright. RebelsMarket has not appeared in this matter. The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). Lee now moves for default judgment, including statutory damages, attorneys' fees, and litigation costs. For the reasons stated below, the Court RECOMMENDS that the motion be GRANTED and requests reassignment of the case to a United States District Court Judge.

**I.   BACKGROUND**

Lee is a professional photographer who commercially licenses photos for profit. ECF 1 (Compl.) ¶ 10. Among Lee's works are two photographs of Kendall Jenner, an American model and media personality (the Photographs). *Id.* ¶ 2. Lee registered the Photographs with the United States Copyright Office (USCO), Registration No. VA 2-205-496, on April 25, 2020. *Id.* ¶ 16; *see also* ECF 17, Declaration of Jackson Lee (Lee Decl.) ¶ 8, Ex. 1 (copy of the USCO Certificate of Registration).

1    RebelsMarket allegedly owns and operates a website that "generates revenue by selling items of clothing and accessories to consumers." ECF 16-1 at 3. At an unspecified date, RebelsMarket displayed the Photographs in an online clothing listing. *Id.* The Photographs were displayed without license or permission from Lee. Compl. ¶ 25. Lee discovered the advertisement on June 16, 2024. *Id.* ¶ 26.

    Lee filed suit against RebelsMarket alleging one cause of action for copyright infringement and served a summons on RebelsMarket. *Id.* ¶¶ 47–49; ECF 9. RebelsMarket failed to respond or appear. ECF 10. The Clerk entered default against RebelsMarket. ECF 11. Subsequently, RebelsMarket filed a letter indicating it cannot afford to retain legal counsel. ECF 15. In response, the Court issued an order recognizing RebelsMarket's dilemma but underscoring the requirement that corporations must obtain licensed counsel to appear in federal court. ECF 19 (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 195 (1993)). The Court indicated that if RebelsMarket failed to respond or appear through proper counsel, it risked entry of default judgment. ECF 19 at 2.

    In the interim, on February 14, 2025, Lee moved for default judgment. ECF 16. On March 19, 2025, the Court held a hearing on the motion for default judgment, at which RebelsMarket did not appear. ECF 21. The Court now assesses Lee's motion for default judgment. Lee has consented to the jurisdiction of a magistrate judge. ECF 8. However, because RebelsMarket has not participated in this litigation, not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Accordingly, the Clerk of Court is requested to reassign this case to a United States District Court Judge. The remainder of this report is a recommendation to the District Court Judge under Federal Rule of Civil Procedure 72(b).

## II. LEGAL STANDARD

    Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In

2

deciding whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

Altogether, the Court recommends that Lee's motion for default judgment be granted. The Court further recommends that Lee be granted $7,180.00 in statutory damages, $6,100.00 in attorneys' fees, and $503.32 in costs, for a total remedies award of $13,783.32.

### A.   Jurisdiction & Service

Before assessing a request for default judgment, a court must consider the threshold issues of subject matter jurisdiction, personal jurisdiction, and adequate service of process. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court finds all three threshold requirements have been met.

#### 1.   Subject Matter Jurisdiction

This is a civil action alleging violation of the federal Copyright Act, 17 U.S.C. § 501. The Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

#### 2.   Personal Jurisdiction & Venue

The Court also possesses personal jurisdiction over RebelsMarket. A federal district court possesses personal jurisdiction over a corporation when the corporation's principal place of business is located in the same state as the court. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Lee alleges RebelsMarket is a corporation with its

1  principal place of business in San Mateo County, California. Compl. ¶ 6. This is
2  sufficient to grant personal jurisdiction because the factual allegations of the complaint are
3  taken as true. *See Geddes*, 559 F.2d at 560. Moreover, based on Lee's allegations that
4  "Defendant does business in this Judicial District," venue is proper. Compl. ¶ 9.

### 3. Service of Process

Under federal law, an individual may be served by "*following state law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. (4)(e)(1) (emphasis added). This rule governing the service of individuals is applied to the service of corporations by Federal Rule of Civil Procedure 4(h)(1)(A). The applicable state law is California law. Under California law, service of a corporation is satisfied when "the person designated as agent for service of process as provided by . . . the Corporations Code" is personally served. Cal. Code Civ. P. § 416.10(a). Here, a process server personally served an agent authorized to receive service of process for RebelsMarket in El Dorado Hills, California on October 15, 2024. *See* ECF 9. Thus, the Court finds service of process was sufficient under state and federal law.

## B. *Eitel* Factors

When examined individually, six of the seven *Eitel* factors weigh in favor of default judgment, and the seventh factor only slightly weighs against default judgment. In sum, the *Eitel* factors weigh in favor of entering default judgment.

### 1. First Factor: Possibility of Prejudice

The first *Eitel* factor considers the possibility of prejudice to Lee if default judgment is not entered. *Reiffer v. ATTN.LIVE LLC*, Case No. 22-cv-03674-RS, 2023 WL 2775150, at *2 (N.D. Cal. Apr. 3, 2023). Default judgment is appropriate where its denial would leave plaintiffs "without other recourse for recovery." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. Oct. 28, 2010). Here, because Lee has demonstrated a meritorious claim—see Section B.2 below—Lee is entitled to a proper remedy. If default judgment is denied, Lee would be left without this proper remedy

because RebelsMarket has failed to defend the action. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 2. Second & Third Factors: Merits of Claim & Sufficiency of Complaint

These two factors weigh in favor of default judgment because Lee has sufficiently alleged RebelsMarket infringed on Lee's valid copyright for the Photographs. "Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1048. Taken together, these factors require plaintiff's allegations to "state a claim on which the [plaintiff] may recover." *Id.* (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

To state a claim for copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). A copyright owner has the exclusive rights to "reproduce the copyrighted work" and "display the copyrighted work publicly." 17 U.S.C. § 106(1) and (5).

Lee sufficiently alleges ownership of a valid copyright for the Photographs. Compl. ¶ 16; *see also* Jackson Decl. ¶ 8, Ex. 1 (copy of the USCO Certificate of Registration). Lee further sufficiently alleges RebelsMarket "reproduced and displayed" the Photographs "without license or permission" in an advertisement on the RebelsMarket website, which infringes on Lee's exclusive reproduction and display rights as the copyright owner. Compl. ¶ 24–27, Exs. 1–2. Thus, the Court finds Lee has adequately shown a violation of 17 U.S.C. § 501 under the second and third *Eitel* factors.

### 3. Fourth Factor: Sum of Money

The fourth factor weighs the amount of money at stake against the seriousness of the defendant's specific misconduct, to which the monetary sum should be tailored. *See Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, Case No. 20-cv-03507-DMR (JD), 2021 WL 4597080, at *4 (N.D. Cal. June 22, 2021), *report and recommendation adopted*, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021).

Here, as discussed further below in Section C.1, Lee has not adequately demonstrated his request for damages is tailored to RebelsMarket's specific misconduct. Therefore, the Court recommends Lee's requested damages be adjusted to a sum reasonable in light of RebelsMarket's conduct.

### 4. Fifth Factor: Possibility of Dispute as to Material Facts

A defendant's failure to appear supports an inference of a lack of dispute as to material facts. *Solaria Corp. v. T.S. Energie e Risorse, S.R.I.*, Case No. 13-cv-05201-SC, 2014 WL 7205114, at *3 (N.D. Cal. Dec. 17, 2014). RebelsMarket has failed to appear here, so this factor weighs in favor of granting default judgment.

### 5. Sixth Factor: Excusable Neglect

The sixth factor weighs in favor of default judgment when the complaint and the motion for default judgment are properly served on the defendant. *Stockfood*, 2021 WL 4597080, at *4. A defendant's inability to afford legal counsel does not constitute excusable neglect. *See Nutramax Lab'ys, Inc. v. Body Wise Int'l, Inc.*, Case No. 18-cv-2076-DOC, 2019 WL 3210095, at *5–6 (C.D. Cal. April 10, 2019) (finding likelihood of excusable neglect "very low" even though record suggested defendant could not afford an attorney).

Here, RebelsMarket was personally served with the complaint and summons on October 15, 2024. *See* ECF 9. RebelsMarket was also notified of Lee's intent to seek default judgment. ECF 18, Declaration of Ali Hassanzadeh (Hassanzadeh Decl.) ¶ 28. In addition, the Court issued an order indicating a failure to appear would risk entry of default judgment against RebelsMarket. ECF 19. Nonetheless, RebelsMarket failed to oppose Lee's motion for default judgment or appear at the motion hearing on March 19, 2025. ECF 21. Because no evidence suggests this failure to appear is a result of excusable neglect, this factor weighs in favor of default judgment.

### 6. Seventh Factor: Policy in Favor of Decisions on the Merits

The Federal Rules of Civil Procedure strongly favor a decision on the merits over default judgment. *Khraibut v. Chahal*, Case No. 15-cv-04463-CRB, 2021 WL 1164940, at

6

*16 (N.D. Cal. Mar. 26, 2021). However, this factor is not dispositive. *Stockfood*, 2021 WL 4597080, at *5. Here, although a decision on the merits is favored, RebelsMarket's failure to appear has made doing so impossible. As a result, this factor is insufficient to prevent default judgment.

**C. Remedies**

"A plaintiff must also prove all damages sought in the complaint." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046. Lee requests $30,000.00 in statutory damages, $6,100.00 in attorneys' fees, and $503.32 in costs. The Court recommends statutory damages totaling $7,180.00 be granted rather than Lee's request for $30,000.00. The Court also recommends Lee's requests for $6,100.00 in attorneys' fees and $503.32 in costs be granted in full. Each category of relief is addressed further below.

**1. Statutory Damages**

Under federal copyright law, a plaintiff may elect to recover an award of statutory damages instead of actual damages. 17 U.S.C. § 504(c)(1). Statutory damages must be at least $750 and cannot be more than $30,000 for the infringement of a single work. *Id.* However, if a plaintiff proves an infringement was willful, a court may exercise its discretion to increase the award to up to $150,000. 17 U.S.C. § 504(c)(2).

Here, Lee seeks statutory damages of $30,000 for RebelsMarket's infringement of the two Photographs. ECF 16-1 at 9. This sum was calculated by multiplying a proposed licensing fee of $3,000 per Photograph by a factor of five because of RebelsMarket's alleged willful infringement. *Id.* The Court recommends both the proposed licensing fee and the proposed five-times multiplier be reduced to result in statutory damages totaling $7,180.00.

**a. Licensing Fee**

Lee's proposed licensing fee is derived from two sources: (1) the licensing rates Lee has charged for similar images in the past and (2) a licensing rate for a similar image on the stock photography website Getty Images. Lee Decl. ¶¶ 20–21. Statutory damages can be calculated using "what licensors have paid for use of similar work." *Michael Grecco*

7

*Prods., Inc. v. Enthusiast Gaming, Inc.*, Case No. 19-cv-06399-LHK, 2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020) (citations omitted). Additionally, Getty Image licensing rates can also be "appropriate benchmarks" for the licensing fees used in calculating statutory damages. *Morrow v. Travelade, Inc.*, Case No. 23-cv-04593-NC (BLF), 2024 WL 1511904, at *3 (N.D. Cal. Mar. 1, 2024), *report and recommendation adopted*, 2024 WL 1946674 (N.D. Cal. Mar. 18, 2024). However, if the parameters used by a plaintiff on Getty Images to calculate the proposed licensing fee are ill-fitting, the parameters may be adjusted "to better reflect the facts of the case." *Id.*

Here, Lee offers a proposed licensing fee of $3,000 for each of the two Photographs. Lee Decl. ¶ 22. This rate is derived from Lee's standard licensing rates—asserted to range from $2,000 to $4,000—and a $3,830 price quote from Getty Images "for a comparable image used in a similar advertorial manner." *Id.* ¶¶ 20–21.

The Court finds a benchmark lower than $3,000 to be more appropriate for two reasons. First, the standard licensing rates provided by Lee range from $1,073.00 to $4,903.60. *Id.* at Ex. 2. Of the eight provided rates, six are under $2,000, and the median rate is $1,795. *Id.* This median rate of $1,795 best represents what licensors have actually paid for work similar to the Photographs and is significantly less than Lee's proposed rate of $3,000. Second, the $3,830 figure from Getty Images is derived from a designated use in an "editorial style article (any placement – print or electronic) intended to indirectly promote a product or service." *Id.* at Ex. 3. A designated use which better fits the facts here is the "Digital Advertisement" parameter, which covers "[a]dvertisements within [a] . . . website" like the online clothing advertisement on the RebelsMarket website. *See Morrow*, 2024 WL 1511904, at *3. When the better fitting "Digital Advertisement" parameter is used, the proposed Getty Images rate is $1,425 rather than the $3,830 proposed by Lee. With this Getty Images rate in mind, the Court finds an appropriate licensing fee for the Photographs to be Lee's median standard licensing rate of $1,795.00. Lee Decl. Ex. 2.

### b. Willfulness Multiplier

Lee's request for a five-times multiplier for willful infringement is not supported. In cases of default judgment, a plaintiff's allegations of willful infringement are accepted as true. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). However, even in cases of willful infringement, courts have not applied a five-times multiplier by default. *See Stockfood*, 2021 WL 4597080, at *6–7 (suggesting a five-times multiplier is warranted when a defendant's conduct is "particularly egregious"—e.g., if the defendant has a history of infringing activity or the defendant continues infringing even after notice of infringement from the plaintiff). Rather, courts in this district more often grant either a two-times or three-times multiplier in the absence of particularly egregious conduct. *See, e.g.*, *Stockfood*, 2021 WL 4597080, at *7 (awarding three-times multiplier); *Morrow*, 2024 WL 1511904, at *4 (awarding two-times multiplier); *Reiffer*, 2023 WL 2775150, at *3 (awarding two-times multiplier); *Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*, Case No. 18-cv-06053-JSW (RMI), 2020 WL 7048307, at *8 (N.D. Cal. May 13, 2020), *report and recommendation adopted*, 2020 WL 7050026 (N.D. Cal. June 22, 2020) (awarding two-times multiplier).

Here, Lee has not alleged a history of infringing activity or a failure by RebelsMarket to cease its infringement of the Photographs after receiving notice from Lee. Moreover, the record does not suggest RebelsMarket has engaged in any other particularly egregious conduct. Accordingly, the Court RECOMMENDS an award of $7,180.00—two times the licensing fee for each of the Photographs—for statutory damages for copyright infringement.

### 2. Attorneys' Fees

Lee requests attorneys' fees in addition to statutory damages. ECF 16-1 at 17. Reasonable attorneys' fees may be awarded "to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505. Reasonable attorneys' fees are calculated by multiplying the number of hours reasonably spent on a matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Insufficient documentation or the

1  inclusion of "excessive, redundant, or otherwise unnecessary" hours may lead a court to
2  reduce the requested attorneys' fees. *Id.* at 433–34.

3      Lee seeks $6,100.00 in attorneys' fees. Hassanzadeh Decl. Ex. 5. In support of his
4  request, Lee attached a description of the legal work performed in this matter, a list of the
5  hours expended, and the involved attorneys' hourly rates. *Id.* Lee was represented by two
6  attorneys: Craig B. Sanders and Ali Hassanzadeh. *Id.* Mr. Sanders is a partner with 32
7  years of experience and a proposed rate of $895 per hour. *Id.* ¶ 15. Mr. Hassanzadeh is an
8  associate with 8 years of experience and a proposed rate of $500 per hour. *Id.* ¶ 17. These
9  proposed rates are reasonable relative to past rates granted to attorneys with comparable
10 experience levels in this district. *See Morrow*, 2024 WL 1511904, at *4 (granting $750 per
11 hour for a 30-year partner and $500 per hour for a 7.5-year associate); *Facebook, Inc. v.
12 Holper*, Case No. 20-cv-06023-JCS, 2022 WL 17167958, at *15 (N.D. Cal. Sept. 27,
13 2022) (granting $1,165 per hour for a 30-year partner and up to $725 per hour for a senior
14 associate). Additionally, Lee's attorneys spent 11.1 hours on this case—also a reasonable
15 figure considering the issues presented by the matter. In sum, the Court therefore
16 RECOMMENDS an award of fees totaling $6,100.00.

### 3. Costs

Finally, under the Copyright Act, the prevailing party may also be awarded with costs. 17 U.S.C. § 505. Here, Lee requests an award of costs summing to $503.32. ECF 16-1 at 17. This award consists of: (1) the filing fee of $405.00 and (2) process server and shipping fees totaling $98.32. *Id.* The Court finds these costs to be reasonable and supported by proof. The Court RECOMMENDS that Lee be awarded $503.32 in costs.

### 4. Summary of Recommended Remedies

The Court RECOMMENDS the following remedies:

    a. Statutory Damages: $7,180.00

    b. Attorneys' Fees: $6,100.00

    c. Costs: $503.32

    **d. Total: $13,783.32**

## IV. CONCLUSION

For the reasons stated above, the Court RECOMMENDS that Lee's motion for default judgment be granted, and that the District Court enter judgment against RebelsMarket in the amount of $13,783.32.

Because the Court lacks full consent of all the parties to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the Clerk of Court is asked to reassign this case to a District Court judge.  Lee is ordered to serve this order on RebelsMarket.  Any party may object to this order within 14 days of being served under Federal Rule of Civil Procedure 72(b).

**IT IS SO ORDERED.**

Dated:  June 3, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge